UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY D. CAMERON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-01602-WTL-DML |
| | ) |
| CAPTAIN RICE, | ) |
| | ) |
| Defendant. | ) |

**Entry Granting Defendant's Motion for Summary Judgment
and Directing Entry of Final Judgment**

**I.  Background**

Plaintiff Larry Cameron ("Mr. Cameron") is a state prisoner confined at all relevant times at the New Castle Correctional Facility ("New Castle"). The Court screened Mr. Cameron's complaint and determined that his only viable claim is that defendant Captain Rice was aware of but refused to take reasonable measures to meet a substantial risk of serious harm posed by unsanitary standing sewage in his cell.

The defendant filed a motion for summary judgment seeking resolution of the claim against him on the basis that Mr. Cameron failed to exhaust his available administrative remedies. Mr. Cameron opposed the motion for summary judgment and the defendant replied.

For the reasons explained in this Entry, the defendant's motion for summary judgment [dkt. 16] must be **granted.**

## II. Discussion

*A.     Legal Standards*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the

time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

  *B.*  *Undisputed Facts*

  On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Mr. Cameron as the non-movant, are undisputed for purposes of the motion for summary judgment:

  The Indiana Department of Correction ("IDOC") grievance process begins with the offender contacting staff to discuss the matter subject to the grievance and seeking informal resolution. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal grievance to the Grievance Officer of the facility where the incident occurred. A grievance must be filed within twenty (20) working days from the date of the alleged incident. If the formal written grievance is not resolved in a manner that satisfies the offender, he may submit an appeal. Exhaustion of the grievance procedure requires pursuing a grievance to the third and final step.

  Mr. Cameron has filed three (3) grievances during his incarceration at New Castle. He completed the exhaustion process regarding one complaint relating to medical care, but he has not filed any grievances pertaining to the allegations in his complaint in this action.

  *C. Analysis*

  Mr. Cameron argues that he did, in fact, exhaust his available administrative remedies with respect to his claim against Captain Rice. He contends that he submitted four affidavits in an effort to discover the responsible parties in a habeas action, *Cameron v. Superintendent,* 1:15-cv-0090-

RLY-TAB. He alleges in his response to the motion for summary judgment that "[t]he actions by all defendants plaintiff complains were issues that arise out of those disciplinary procedures, that by their nature, [are] not of a type that can properly be addressed through the Offender Grievance Process, as outlined by 00-02-301-V-B-6, pages 5 and 6 of I.D.O.C. Policy and Administrative Procedural Manual." Dkt. 22, p. 2. He further asserts that "[w]hen an inmate files a lawsuit raising issues that were contained in the earlier disciplinary appeal process, most courts have held that the Prison Litigation Reform Act (PLRA) 42 U.S.C. § 1997(e) the exhaustion has been met." (citing *Shabazz v. Cole,* 69 F.Supp.2d 177 (D.Mass. 1999)). Dkt. 22, p. 3. Mr. Cameron's reliance on *Shabazz* is misplaced. The holding relative to the PLRA in that case is that it did not apply because the complaint in that action was filed before the PLRA became effective on April 26, 1996. *Id.* at 195.

The Court takes judicial notice of records filed in 1:15-cv-0090-RLY-TAB. The disciplinary proceeding referred to by Mr. Cameron arose out of a search of his cell that occurred on September 28, 2014, during which a sharpened toothbrush was found under a seat near his bunk bed. Although Mr. Cameron denied that the property was his, on October 6, 2014, he was found guilty of possessing altered property. *See* 1:15-cv-0090-RLY-TAB. As part of his sanctions, Mr. Cameron was given a 60 day period in disciplinary segregation beginning on September 28, 2014. Mr. Cameron attached to his petition for writ of habeas corpus copies of four affidavits, dated October 16, 2014, November 7, 2014, November 17, 2014, and December 19, 2014, respectively, complaining about the conditions of the segregation cell in which he was placed. Mr. Cameron was granted early release from the disciplinary segregation on November 5, 2014, due to good behavior.

Mr. Cameron appears to argue that the affidavits he filed within the context of the disciplinary proceeding either satisfied or excused the requirement for him to exhaust in this civil rights case. Even if, as he argues, his claim concerning the conditions of his cell arose out of his being placed in disciplinary segregation, any affidavit that he filed within the disciplinary proceeding does not qualify for or satisfy the three step, informal and then formal written grievance and appeal, process that is required before filing a civil rights lawsuit. His contention that his claims are not the type that can be addressed through the Offender Grievance Process is simply mistaken. As noted above, "the PLRA's exhaustion requirement applies to all inmate suits about prison life." *Porter,* 534 U.S. at 532.

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). It is undisputed that Mr. Cameron did not file a written grievance relating to his claim against Captain Rice. In addition, Mr. Cameron has not demonstrated that he was somehow prevented from filing a grievance and appeal by any prison official. The process was available to him.

Because Mr. Cameron failed to initiate and complete the exhaustion process with respect to his claim against Captain Rice before this action was filed, in light of 42 U.S.C. § 1997e(a), this action should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### III. Conclusion

For the reasons explained above, the motion for summary judgment filed by the defendant [dkt. 16] is **granted.**

Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

*William T Lawrence*

Date: 4/19/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Larry D. Cameron #160518, New Castle Correctional Facility-Annex M1-212A, Inmate Mail/Parcels, 1000 Van Nuys Road, New Castle, Indiana 47362

Electronically registered counsel